UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEROY EDWARD DOOLEY,<br><br>    Plaintiff<br><br>v.<br><br>NEVADA GOLD MINES, LLC,<br><br>    Defendant | Case No.: 3:21-cv-00126-LRH-CSD<br><br>**Order**<br><br>Re: ECF No. 60 |

Before the court is Plaintiff's motion regarding discovery dispute that was filed pursuant to the court's Civil Standing Order. (ECF Nos. 60, 60-1.) Defendant Nevada Gold Mines, LLC (NGM) filed a response. (ECF Nos. 62, 62-1.) Plaintiff filed a reply. (ECF Nos. 64, 64-1, 64-2.)

For the reasons set forth below, the motion is granted.

In this action, Plaintiff asserts claims against NGM for the failure offer him a reasonable accommodation in violation of the Americans with Disabilities Act and Nevada Revised Statutes 613.310, *et. seq*.

Plaintiff served requests for the production of documents on April 8, 2021, which included requests for documents, including declarations taken by NGM (excluding any privileged material), pertaining to any matter alleged in the complaint, as well as any statements concerning Plaintiff, Plaintiff's employment with NGM and any matters mentioned in the complaint, obtained from NGM's current or former employees or any other persons.

On December 5, 2022, NGM served its Sixth Supplemental Disclosures, which were received by Plaintiff's counsel on December 8, 2022, four days prior to the close of discovery on December 12, 2022. The supplemental disclosures included two declarations from witnesses

Jacob Farley and Tyler Hornbarger, which are signed and dated July 8, 2022. On the day discovery closed, NGM served a Seventh Supplemental Disclosure identifying Mr. Farley and Mr. Hornbarger as witnesses.

Plaintiff met and conferred with NGM's counsel to obtain a stipulation to depose Mr. Farley and Mr. Hornbarger outside the discovery period, but defense counsel would not stipulate. This motion followed.

Plaintiff argues there is good cause to permit the depositions after the discovery completion deadline because Plaintiff was not made aware of these declarations until right before the discovery completion deadline, even though they were signed five months earlier.

In its response, NGM asserts that Mr. Farley and Mr. Hornbarger were Plaintiff's coworkers, and Plaintiff knew they had pertinent knowledge regarding his claims before he filed his complaint. Moreover, these two individuals were identified as witnesses in *Plaintiff's* initial disclosures on June 4, 2021, yet Plaintiff did nothing over the next year and a half to depose or even interview them. NGM argues that it was not obligated to produce the declarations because, as set forth in its objections to the relevant requests for production, they are protected work product. Nevertheless, NGM chose to voluntarily produce the declarations.

The court agrees with NGM that it was not automatically obligated to produce the declarations in response to Plaintiff's requests for productions because the declarations were protected work product (up until the time they were voluntarily disclosed to Plaintiff). *See Intel Corp. v. Via Technologies, Inc.*, 204 F.R.D. 450 (N.D. Cal. Dec. 12, 2001) (noting that a declaration gathered by counsel is generally not within the purview of a "document" required to be produced as an initial disclosure, and the declaration remains work product up until the moment it is filed (or, as is the case here, when it was voluntarily disclosed to the other side));

*see also Federal Deposit Insurance Corporation v. Nevada Title Co.*, 2:14-cv-01567-JAD-GWF, 2017 WL 1240746 (D. Nev. Mar. 30, 2017) (adopting the reasoning of *Intel*).

The court also agrees that Plaintiff's counsel should have undertaken efforts to interview and/or depose the witnesses listed in his own initial disclosures within the time constraints set forth in the discovery plan and scheduling order. "[W]hen a fact witness is disclosed, all parties are on notice that the disclosing side contends the witness has relevant knowledge. All are thus on notice that the disclosing side may well have interviewed the witness and may have even obtained a statement." *Intel*, 204 F.R.D. at 452. "All parties are free to contact the fact witness and obtain their own statements." *Id*. Here, it was Plaintiff that identified these witnesses in June 2021, but he apparently neglected to contact the witnesses to interview and/or depose them, and he took no action with respect to these witnesses until he received the two declarations from NGM in December 2022.

While the court would not ordinarily reward counsel's lack of diligence, the unique problem here is an issue of timing. Counsel for NGM, Anthony Hall, Esq., represents that he interviewed the witnesses and obtained the declarations on July 8, 2022. He then put them in a box containing materials from another case, and it was not until he was preparing for Plaintiff's deposition, which took place on December 1, 2022, that counsel realized the declarations had not yet been produced. Once the declarations were located, they were produced.

Mr. Hall acknowledges that the intention was to produce the declarations, and had Mr. Hall produced them when they were obtained, or even three or four months thereafter, given the substance of the two declarations, Plaintiff's counsel would certainly have sought to depose the witnesses. If they were disclosed sooner, he could have done so before the discovery completion deadline. In other words, if not for the misplacement of the declarations, they would

have been disclosed sooner, and Plaintiff could have timely deposed the witnesses, despite Plaintiff's counsel's lack of diligence in contacting witnesses from Plaintiff's own disclosures.

Under these circumstances, the court finds it appropriate to allow Plaintiff to depose these two witnesses outside the discovery period, and the court will provide a corresponding extension of the dispositive motions deadline.

## CONCLUSION

Plaintiff's discovery motion (ECF No. 60) is **GRANTED** insofar as Plaintiff is given leave to depose Mr. Farley and Mr. Hornbarger outside of the discovery period. The depositions must be completed by **January 31, 2023**. The dispositive motions deadline is extended to **February 28, 2023**. The joint pretrial order is due by **March 30, 2023**, unless a dispositive motion is filed, in which case the joint pretrial order is due 30 days after any ruling on the dispositive motion, or on further order of the court.

**IT IS SO ORDERED**.

Dated: December 19, 2022

                                                          Craig S. Denney
                                                          United States Magistrate Judge